IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ETHAN R GORDON,

    Plaintiffs,

v.                                            CASE NO. 4:10-cv-00111-WS-GRJ

P LEMON, et al,

    Defendants.

_____/

## THIRD SERVICE ORDER

Service efforts by the United States Marshals Service upon Defendants Hazel Francis and Maximo Velasco have been unsuccessful. (Docs. 40 and 43.) The service materials addressed to the special process server, Henry Boyd, at Wakulla Correctional Institution for Defendant Francis, were returned by Wakulla Correctional Institution with the notation, "Return to Sender, Unauthorized, DC# Number must be on mail." (Doc. 43.) The return did not include any explanation about the meaning of "unauthorized DC#." Apparently, the staff at Wakulla was under the impression that Mr. Boyd was an inmate and not a retired employee.

Accordingly, the United States Marshals Service is directed to serve Ms. Francis at Wakulla CI by addressing the envelope to "Sherry Allbritton, Litigation Coordinator" to avoid any further confusion.

Service was also returned unexecuted on Maximo Velasco at the last known address provided in confidence by the FDOC. This mailing was marked "UTF." A more current address has been located for Velasco which will be provided in confidence to the United States Marshals Service so that service may be attempted at that location.

The Clerk is directed to redact the address for Velasco before posting this Order on the docket and before mailing a copy to the Plaintiff.

Accordingly, it is **ORDERED:**

**With regard to Defendant Hazel Francis:**

1. The **Clerk shall** issue summons for **Defendant Hazel Francis, employed at Wakulla Correctional Institution, 110 Melaleuca Drive, Crawfordville, FL 32327,** indicating that she has sixty (60) days in which to file a response to the complaint, and refer the summons to the United States Marshals Service, along with the service copies of Plaintiff's Second Amended Complaint (Doc. 19).

2. The **Clerk shall** also prepare and send the Marshal a copy of this order for the Defendant.

3. Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Sherry Allbritton** is specially appointed to serve process upon Defendant Francis at Wakulla CI.

4. Within 30 days from the date of entry of this order on the docket, the United States Marshal or a Deputy **United States Marshal shall** serve a copy of the civil rights complaint, a summons, and this order upon the Defendant. Service shall be accomplished **by mailing these documents by regular mail to the above named special process server who shall serve the complaint.** The envelope shall be addressed to **"Sherry Allbritton, Litigation Coordinator"** at Wakulla CI. All costs of service shall be advanced by the United States.

5. Within 10 days after receipt of the complaint and this order, **Sherry Allbritton shall serve the complaint upon the individuals named above, complete** and sign

the return of service, and **return** it to the <u>Clerk of Court</u> as proof of service. *Defendants shall also sign the return of service as an acknowledgment of receipt of service.*

6. If any Defendant is no longer employed at the designated institution or facility, or is otherwise unable to be served, the server shall report this information to the Clerk of Court within 10 days after receipt of the complaint and this order. *If service is returned unexecuted, or if a return is not filed within forty-five (45) days from the date of this order, the Clerk of Court shall immediately notify Chambers.*

7. Defendants shall have 60 days in which to file a response to the complaint.

8. No motion for summary judgment shall be filed by any party prior to entry of an Initial Scheduling Order without permission of the Court.

9. Counsel for Defendants shall file a notice of appearance within twenty (20) days of the date of service.

10. Plaintiff is advised that after a response to the complaint has been filed, no further amendments to the complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules of Civil Procedure, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint. N.D. Fla. Loc. R. 15.1.

11. In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it. If Plaintiff wishes to consent, the form should be signed and forwarded to counsel for Defendants. If Defendants wish to consent, the form should be signed and returned to the Clerk.

12. After a notice of appearance has been filed, Plaintiff shall be required to mail

*Case No: 4:10-cv-00111-WS -GRJ*

to the attorney for each Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court. Plaintiff shall include with each pleading, motion, or other paper to be filed with the Clerk of the Court a certificate stating the date an identical copy of the paper was mailed to each Defendant or to the attorney representing each Defendant. Any paper so submitted for filing that does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

13. Plaintiff is reminded to keep the Clerk of Court advised of any change in his mailing address should he be transferred, released from prison, or otherwise be relocated. Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute should court orders not be able to reach Plaintiff.

**With regard to Defendant Maximo Velasco:**

1. The **Clerk shall** re-issue summons for **Defendant Velasco** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ indicating that he has sixty (60) days in which to file a response to the complaint, and refer the summons, a copy of the complaint (Doc. 19), a copy of this order, the completed USM-285 form, the completed AO-398 form and a copy thereof, and a NUSM 1 form to the United States Marshals Service (USMS). Pursuant to Fed. R. Civ. P. 4(c)(2), all costs of service shall be advanced by the United States.

2. Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, **the USMS shall** send a copy of the complaint, a copy of this order, a completed AO-398 form and a copy thereof, a NUSM 1form, and a prepaid means of compliance to the Defendant through first class mail. The USMS shall mail the forms to Defendant as soon as

possible so that service or waiver of service can be completed within 120 days from the date of entry of this order on the docket.

3. **If after thirty (30) days from the mailing of the waiver of service forms and the complaint Defendant has not returned the waiver of service form (NUSM 1 form), the USMS shall personally serve Defendant pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.** Upon completion of service, **the USMS shall** file with the clerk the return and a written statement of all costs incurred of making such personal service.

4. The **Clerk shall** refer this file to the undersigned if the waiver form is returned for insufficient address or for similar reason, if service on Defendant is returned unexecuted, or if the USMS has filed a statement of costs incurred for making personal service.

5. Defendants shall have sixty (60) days in which to file a response to the complaint.

6. No motion for summary judgment shall be filed by any party prior to entry of an initial scheduling order without permission of the court.

7. Counsel for Defendant shall file a notice of appearance within twenty (20) days of the date of service of the complaint.

**DONE AND ORDERED** this 18th day of March, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge